IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **INVENSYS SYSTEMS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:12-CV-00799 |
| | § | |
| **EMERSON ELECTRIC CO. and** | § | |
| **MICRO MOTION INC., USA,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants Emerson Electric Co. and Micro Motion Inc., USA's (collectively "Defendants") Motion to Stay Pending *Inter Partes* Review (Docket No. 107). For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Invensys Systems, Inc. ("Invensys") filed suit against Defendants on October 22, 2012, alleging infringement of four of its patents, U.S. Patent Nos. 7,124,646; 7,136,761; 6,311,136; and 7,505,854. Docket No. 1. Invensys later amended its complaint on January 31, 2013 to further allege infringement of an additional three patents U.S. Patent Nos. 8,000,906; 6,754,594; and 7,571,062. Docket No. 25. On November 19, 2013, Defendants petitioned the PTAB for *inter partes* reviews ("IPR") challenging the first four patents. Docket No. 107 at 4. In late January 2014, Defendants petitioned the PTAB for IPRs challenging the remaining three patents. *Id.* at 5.

Defendants filed the instant motion to stay on February 7, 2014, and parties completed briefing on March 31, 2014. *Id.* at 1, Docket No. 134. At the time the motion was filed, the

deadline for substantial completion of document production for fact discovery had already passed, and the parties had exchanged preliminary infringement and invalidity contentions, as well as preliminary identifications of asserted claims. Docket Nos. 46, 49, 72, 73, 90, 93, 103. Both parties had also exchanged their preliminary claim constructions and intrinsic and extrinsic evidence in compliance with P. R. 4.2 for the upcoming *Markman* hearing. Docket No. 107 at 4.

Since the parties concluded their briefing, this Court held a *Markman* hearing on May 1, 2014. Docket No. 158. Fact discovery closed on July 16, 2014. Docket No. 103. Trial is set for October 13, 2015. *Id.* Additionally, on June 4, 2014, the PTAB instituted IPRs of four of Invensys' patents-in-suit (U.S. Patent Nos. 7,124,646; 7,136,761; 6,311,136; and 7,505,854). Docket No. 160. However, the PTAB declined to review asserted claims 24, 25, and 26 of U.S. Patent No. 6,311,136 ("the '136 patent"). Docket No. 161. Currently, the PTAB is still reviewing the IPR petitions regarding U.S. Patent Nos. 8,000,906; 6,754,594; and 7,571,062. The PTAB will make its decision no later than August 12, 2014. Docket No. 107 at 2.

## APPLICABLE LAW

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In deciding whether to stay litigation pending patent reexamination, courts usually consider three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software,*

*LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). The analysis previously applied to *inter partes* reexamination continues to apply to the newer i*nter partes* review. *See, e.g.*, *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011, 2014 WL 94371 (E.D. Tex. Jan. 9, 2014) ("[T]here has been little dispute among district courts that Congress did not intend to alter the way in which district courts assess the first three factors."); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *3–4 (C.D. Cal. Dec. 19, 2012).

## ANALYSIS

### I. Prejudice or Tactical Disadvantage

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Invensys, weighs against a stay. Defendants assert that Invensys will not be irreparably harmed by the stay because Invensys has not sought injunctive relief, can potentially recover damages accrued during the stay, and can defend its patents during the IPR and can expedite the IPR by filing ahead of any deadline. Docket No. 107 at 9. Additionally, Defendants argue that Invensys "grossly overstates" the parties' directly competitive relationship because there are many other players in the U.S. Coriolis flowmeter market. Docket No. 130 at 2. Finally, Defendants argue that any prejudice Invensys may suffer is self-inflicted because it filed the instant suit six years after learning of Defendants' allegedly infringing products. Docket No. 107 at 8.

Invensys responds that because the parties are direct competitors, a stay of litigation would give Defendants a tactical advantage in the marketplace. Docket No. 126 at 7–8. Invensys argues that this disadvantage is exacerbated by Defendants' decision to petition for IPRs so late in the litigation and on the last day allowed statutorily. Docket No. 134 at 2.

Additionally, Invensys notes that, assuming IPRs are instituted for all patents, the PTAB's final decision might not be reached until February 2016, well beyond this case's current trial date of October 13, 2015. Docket No. 126 at 9. Finally, Invensys explains its delay in filing this case was because its asserted patents were not all issued until 2011. *Id.*

In this case, the PTAB may not complete its reviews until February 2016, well beyond the current October 13, 2015 trial date. The proceedings will be even further drawn out if either party decides to appeal the PTAB's findings to the U.S. Court of Appeals for the Federal Circuit. *See* 35 U.S.C. § 141(c). Invensys, like all patent owners, has a recognized interest in the timely enforcement of its patent rights. *Voltstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). This delay is especially burdensome where, like here, the parties are competitors in the marketplace. *Id.* at *2; *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, No. 2014-1232, 2014 WL 3360806, at *9 (Fed. Cir. July 10, 2014) (stating that "competition between parties can weigh in favor of finding undue prejudice" when considering a stay pending CBM review). While Defendants dispute Invensys' status as a market competitor, they provide no evidence to support their claim. Simply noting the presence of other market players does not demonstrate that Invensys will not be prejudiced. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12-cv-05501, Docket No. 108 at 6 (N.D. Cal. Jan. 13, 2014).

Additionally, this Court rejects Defendants' argument that Invensys will not be unduly prejudiced by a stay because it has not sought preliminary injunctive relief. Defendants' argument does not account for the variety of factors that go into deciding whether to seek injunctive relief. *See VirtualAgility*, 2014 WL 3360806, at *9 (Fed. Cir. 2014) ("We acknowledge, as the district court did, that there could be a variety of reasons that a patentee

does not move for a preliminary injunction."). Furthermore, while Invensys may be able to collect damages for the duration of the stay, Invensys may lose valuable customers and goodwill during the stay of litigation. Thus, "damages alone may not fully compensate [Invensys] for the delay resulting from [IPR]." *Centre One v. Vonage Holdings Corp.*, No. 6:08-cv-467, Docket No. 256 at 4 (E.D. Tex. Feb. 24, 2010). Finally, it was not unreasonable for Invensys to file suit against Defendants until its related continuation patents were all issued. *See Meyers v. Brooks Shoe, Inc.*, 912 F.2d 1459, 1462 (Fed. Cir. 1990) ("It strikes us as reasonable for [Plaintiff] to have waited to sue . . . at least until he could sue on both . . . patents at the same time."). In sum, Defendants' contentions do not discount the actual prejudice Invensys would suffer during a stay. Accordingly, this factor weighs against a stay.

## II. Issue Simplification

The second factor, whether a stay would simplify the issues in question or the trial, is more equivocal but weighs slightly against a stay. Defendants argue that a stay will simplify the issues for discovery and trial, even if only some of the claims are invalidated. Docket No. 107 at 9. If the claims are not invalidated, Defendants note they will be estopped from asserting the prior art references raised in the IPRs. *Id.* Finally, Defendants argue that even if all the claims survive the IPRs, the PTAB's analysis would prove valuable to the Court. *Id.*

Invensys replies that any simplification resulting from the IPRs is speculative, since the IPRs had not been instituted. Docket No. 126 at 11. Moreover, Invensys argues that because the PTAB reviews on a claim-by-claim basis many of the claims at issue in the case may not be subject to IPR. *Id.* at 12. Finally, Invensys asserts that the different standards for construing claims between the PTAB and this Court militate against any value the Court may glean from the

PTAB's analysis.[1] *Id.* at 13–14.

Since briefing, the PTAB has instituted IPRs of four of the seven asserted patents. However, while the PTAB granted review of thirty-one claims spread across the four patents, the PTAB denied review of three claims of the '136 patent. These three claims will be litigated in this case. Moreover, the PTAB is still reviewing the IPR petitions regarding U.S. Patent Nos. 8,000,906; 6,754,594; and 7,571,062, and will make its decision no later than August 12, 2014. Although Defendants will be estopped from asserting the roughly 14 prior art references raised before the PTAB, they will not be estopped from relying upon the roughly 200 references raised in this litigation. Docket No. 107 at 4, Ex. E. Thus, any simplification is likely to be minimal. *Cf. Unifi Scientific Batteries v. Sony Mobile Commc'ns AB*, No. 6:12-cv-00224, Docket No. 81 at 5 (E.D. Tex. Jan. 14, 2014) (denying a motion to stay in part based on the narrow scope of the IPR).

Additionally, while the added prosecution history may prove useful to this Court in the event that claims are amended, the different standards of claim construction between the PTAB and this Court may discount that value. *See id.* (expressing skepticism that IPRs could aid the court in claim construction due to the different standards of construction). Although some of the asserted claims may be amended, the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold. Overall, the possibility of issue simplification is not sufficiently persuasive in this case, and thus this factor only slightly disfavors a stay.

---

[1] *Compare* 37 C.F.R. § 41.100(b) (construing claims in the PTO such that "[a] claim in an unexpired patent shall be given its broadest reasonable construction in light of the specification of the patent in which it appears"), *with C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004) (construing claims in a district court by examining the intrinsic record to define the patented invention's scope).

### III. Discovery and Trial Date

The third factor, whether discovery is complete and whether a trial date has been set, also weighs against a stay. This Court has already held a *Markman* hearing, fact discovery has recently closed, and trial is set for October 2015. *See id.* at 6–7 (denying a stay where the parties had "engaged in substantial discovery, produced documents, answered interrogatories, and served and supplemented infringement and invalidity contentions"). Even at the time the instant motion was filed, the deadline for substantial discovery had expired, a trial date was set, and both parties had exchanged their preliminary claim constructions and intrinsic and extrinsic evidence in compliance with P. R. 4.2 for the upcoming *Markman* hearing. *See id.* Firm trial settings resolve cases and reduce litigation costs. Accordingly, this factor weighs against a stay.

### CONCLUSION

Defendants have failed to show that a stay is appropriate. Accordingly, Defendants' Motion to Stay Pending *Inter Partes* Review (Docket No. 107) is **DENIED**.

**So ORDERED and SIGNED this 25th day of July, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**